```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT


CHRISTOPHER EVERSON,           :
                               :
     Petitioner,               :
                               :           PRISONER
v.                             :    Case No. 3:12cv273 (RNC)
                               :
CAROL CHAPDELAINE,             :
                               :
     Respondent.               :
```

RULING AND ORDER

Petitioner Christopher Everson, a Connecticut inmate proceeding pro se, brings this action for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state convictions for various offenses on the ground that the trial court permitted the state to impeach his trial testimony based on evidence of prior misconduct in violation of his right to due process.  Because the state court's admission of the evidence did not violate clearly established federal law, petitioner cannot obtain federal habeas relief and his petition must be dismissed.

I.   Background

The evidence at petitioner's trial permitted the jury to find the following facts, as recounted by the Connecticut Appellate Court on his direct appeal.  State v. Christopher E., 12 A.3d 1072, 1074 (Conn. App. 2011).  On May 16, 2004, petitioner had a heated argument with his wife at their home.  She tried to call the police but he tore the phone from the wall

and went outside to get a shotgun.  Returning to the house, he found the door locked.  He fired the shotgun into the door three times, injuring members of his family and causing his children to flee to neighboring homes where they dialed 911.  Responding police and a SWAT team established a perimeter around petitioner's house and a detective contacted him by phone.  The detective convinced petitioner to surrender.

   Petitioner was arrested and tried before a jury on charges of risk of injury to a child, reckless endangerment, unlawful restraint, unlawful discharge of a firearm, assault in the third degree, assault of an elderly person and disorderly conduct. During the trial, petitioner testified that he and his wife had never before argued about finances.  On cross-examination the state asked whether the Hamden police had once come to the couple's home following such an incident.  Petitioner said he could not recall and on redirect swore that nothing of the sort had ever occurred.  In its rebuttal case, the state called Sergeant John Testa, a Hamden police officer.  Testa testified that in 2000, he went to petitioner's house to serve a search warrant for weapons, and that the warrant had been issued in connection with a restraining order against petitioner obtained by his wife.  The trial court promptly instructed the jury that it could consider this testimony as it reflected on petitioner's credibility as a witness but not as evidence that he was a

generally violent person who had probably acted violently on May 16, 2004.  Petitioner did not object.

The jury convicted petitioner on all counts and he appealed. Among other claims, he argued that the trial court had improperly admitted propensity evidence in the form of Testa's testimony. This error, he urged, invited the jury to convict him because of prior misbehavior, violating not just Connecticut's evidentiary rules but his constitutional right to a fair trial.

The Connecticut Appellate Court disagreed.  It noted that petitioner had failed to object to the evidentiary ruling and that contemporaneous objection is typically necessary to preserve a ground of appeal.  The court recognized its authority to review evidentiary issues when the alleged error is one of constitutional magnitude and not simply a violation of a rule of evidence.[1]  The court concluded that any error in admitting Testa's testimony was purely evidentiary in nature.  The judgment was affirmed and the Connecticut Supreme Court declined review. Petitioner now seeks a writ of habeas corpus based on the

---

[1] Under State v. Golding, 567 A.2d 823, 827 (Conn. 1989), "a defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt."

admission of Testa's testimony.[2]

II. Discussion

The state argues that the petition must be dismissed because "the claim that the trial court erred in admitting evidence of uncharged misconduct is a question of state law." ECF No. [20], at 9. It is true that a federal court has no jurisdiction to revisit a state court's evidentiary ruling. Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). It is also true that petitioner's bare-bones petition does not purport to rely on any particular constitutional provision (or, for that matter, on the Constitution generally).[3] But read in the spirit of solicitude owed a pro se petition, the claim is best understood to raise again the argument raised on direct appeal: that the admission of propensity evidence at trial violated due process. This claim is cognizable on federal habeas.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, restricts federal habeas review

---

[2]A second claim, which petitioner failed to exhaust, has been dismissed. ECF No. [19].

[3]The petition reads in full: "Regarding the uncharged misconduct, I was told in a prior hearing that I can honestly say that I have not been convicted of a crime because the charges were erased. However, the trial court allowed the jury to hear details concerning the uncharged misconduct, which made be [sic] appear to be dishonest." ECF No. [1], at 5.

of claims decided on the merits in state court.  Under AEDPA, a federal court cannot grant habeas relief unless the state court's determination:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[4]

28 U.S.C. § 2254(d).  Clearly established federal law is found in holdings, not dicta, from the United States Supreme Court, Carey v. Musladin, 549 U.S. 70, 74 (2006), and a state court unreasonably applies clear federal law only when its decision is "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded agreement."  Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011).

The restrictions on federal habeas review of merits-based determinations by state courts applies to petitioner's due process claim.  On direct appeal, he argued that Testa's testimony violated his right to a fair trial.  The Appellate Court held that this claim was not "truly of a constitutional nature."  Christopher E., 12 A.3d at 1078.  That determination

---

[4]Petitioner does not suggest that the state court unreasonably determined the facts of his case, so only § 2254(d)(1) is in issue here.

represents a merits-based adjudication of the constitutional claim.[5]

The issue, then, is whether at the time of petitioner's trial a Supreme Court holding clearly established that admitting Testa's testimony for the purpose of impeachment, accompanied by an appropriate limiting instruction, would violate the Due Process Clause.  In Estelle, the defendant was convicted by a jury of second-degree murder of his infant daughter.  Evidence of prior injuries sustained by the victim was admitted during the trial to establish that she was a battered child.  The Supreme Court held that admission of the prior injuries evidence did not violate due process because it was relevant to show intent.  See 502 U.S. at 70.  The Court expressly declined to decide "whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime."  502 U.S. at 75 n. 5.  Because the Estelle Court was explicitly uncertain about whether admission of propensity

---

[5]Under Golding, the Appellate Court had to decide, as a threshold matter, whether Testa's testimony violated the Constitution.  After determining that there was no constitutional infirmity, it declined to reach the evidentiary claim.  See Christopher E., 12 A.3d at 1078.  That the court did not engage in a lengthy discussion is of no consequence.  See Aparicio v. Artuz, 269 F.3d 78, 93-94 (2d Cir. 2001) ("A state court 'adjudicates' a petitioner's federal constitutional claims 'on the merits' whenever it . . . . [d]ispose[s] of the petitioner's claim on substantive grounds, and reduce[s] that disposition to judgment.  No further articulation of its rationale or elucidation of its reasoning process is required.").

evidence can offend due process, petitioner cannot show that the admission of Testa's testimony for the purpose of impeachment ran counter to clearly established federal law.  See also Burger v. Woods, 515 Fed. Appx. 507, 510 (6th Cir. 2013) ("The kind of foundational unfairness and arbitrariness needed to show that a flawed state court evidentiary ruling rises to the level of a due process violation is not a broad category, and the Supreme Court to our knowledge . . . has never identified an improper-character-evidence case that falls into it.").  Under AEDPA, petitioner's inability to make this showing requires that his claim be denied.

III. Conclusion

Accordingly, the petition is hereby dismissed.  The Clerk may close the file.

So ordered this 30th day of March 2015.

                                    /s/
                              Robert N. Chatigny
                              United States District Judge